**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VASILE DOREL FILIP,<br><br>       Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>       Respondent. | No. 10-71664<br><br>Agency No. A098-925-046<br><br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2014<sup>**</sup>
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Vasile Dorel Filip petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying his application for asylum, withholding of

removal, and protection under the United Nations Convention Against Torture

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's finding that Petitioner was not credible. Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010). The BIA provided specific, cogent reasons for its adverse credibility finding, including: (1) Petitioner did not include in his application allegations that he was assaulted in front of the chief of police; (2) Petitioner provided inconsistent dates for his allegations that someone sabotaged the brakes on his car; (3) he omitted other important details from his application, including death threats, and failed to provide a plausible explanation for the omissions; and (4) when asked to clarify inconsistencies and omissions, he provided unpersuasive explanations. Those inconsistencies are permissible considerations in reaching an adverse credibility finding. See Kin v. Holder, 595 F.3d 1050, 1056–57 (9th Cir. 2010) (holding that omission of crucial facts in an application constitutes substantial evidence to support an adverse credibility finding). Similarly, inconsistencies, "accompanied by other indications of dishonesty—such as a pattern of clear and pervasive inconsistency or contradiction"—constitute substantial evidence in support of an adverse credibility determination. Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir.

2005).  Nothing in the record compels a contrary conclusion.  See Morgan v. Mukasey, 529 F.3d 1202, 1206 (9th Cir. 2008) (stating standard).

2.  Even assuming credibility, substantial evidence supports the BIA's alternative finding that Petitioner failed to establish that a protected ground was "one central reason" for past or future persecution.  Parussimova v. Mukasey, 555 F.3d 734, 740 (9th Cir. 2009).  Petitioner's general allegations that his persecutors, that is, his former in-laws, were aware of his ethnicity as a Roma are insufficient to satisfy the "one central reason" standard, where the record showed that the dispute was primarily a familial squabble.  See id. at 742 (holding that reference to a victim's ethnicity during an attack with multiple motivations was insufficient to satisfy the "one central reason" standard).

3.  Failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in failure to satisfy the "clear probability" standard for withholding of removal.  Fisher v. INS, 79 F.3d 955, 961 (9th Cir. 1996) (en banc).

4.  Substantial evidence supports the BIA's finding that Petitioner was ineligible for CAT relief.  Petitioner failed to present any evidence that would compel the conclusion "that he would most likely be tortured by or with the

3

acquiescence of a government official or other person acting in an official capacity" upon removal. <u>Tamang v. Holder</u>, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETITION DENIED.**